**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

SIMON ALEMAN-BLANCO, also
known as Francisco Olmeda-Silva,

    Defendant - Appellant.

No. 05-8110

D. Wyoming

(D.C. No. 05-CR-28-01-J)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Simon Aleman-Blanco pleaded guilty to three counts of an indictment

charging a conspiracy and possession with intent to distribute heroin and

methamphetamine. He was sentenced to 360 months' imprisonment. Counsel for

Mr. Aleman-Blanco has filed an *Anders* brief stating the issues that could

possibly be raised on appeal and explaining why they have no merit. *See Anders*

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

*v. California*, 386 U.S. 738 (1967).  After reviewing the record, we agree that there are no meritorious issues to be raised on appeal, grant the motion to withdraw, and dismiss the appeal.

## BACKGROUND

At his change-of-plea hearing, Mr. Aleman-Blanco admitted the facts necessary for his guilty plea, which were, essentially, that he was being paid to transport heroin and methamphetamine from the State of Washington to Lincoln, Nebraska, when he was stopped in Cheyenne, Wyoming.  A search of the vehicle revealed a hidden compartment containing 3.7 pounds of methamphetamine and 8 pounds of heroin.

While awaiting sentencing, Mr. Aleman-Blanco escaped from custody, stole a car and some clothing, and led law-enforcement officers on a high-speed chase before being apprehended.  As a result, instead of receiving a three-level reduction for acceptance of responsibility, he received a two-level enhancement for obstruction of justice.  *See* U.S. Sentencing Guidelines Manual § 3C1.1 cmt. 4(e) (2-level enhancement for obstruction is applied for "attempting to escape from custody before trial or sentencing"); *see also id*. § 3E1.1 cmt. 4 ("Conduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility . . . .").  Given his two prior convictions for crimes of violence, his offense level was 37 and his criminal history category was VI, resulting in an advisory sentencing range of 360 months to life.

Mr. Aleman-Blanco did not file any objections to the Presentence Investigation Report, nor did he or his attorney make any arguments to the district court why a lower sentence was warranted under the factors set forth in 18 U.S.C. § 3553(a). He was sentenced to 360 months' imprisonment.

## DISCUSSION

The procedure for appointed counsel to withdraw on appeal is set out in *Anders*, 386 U.S. at 744:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must . . . be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

In his *Anders* brief, counsel for Mr. Aleman-Blanco states that the sentence cannot be reviewed because it was within a properly calculated Guidelines range and not otherwise "in violation of law." 18 U.S.C. § 3742(a). A copy of counsel's *Anders* brief was provided to Mr. Aleman-Blanco. In his reply he faults his counsel for not attempting to argue before the district court that there was insufficient evidence to prove that the drugs found were his, and for advising him

to plead guilty. He was fully questioned about these matters during his change-of-plea colloquy, however, and it is apparent that he received adequate advice from counsel and that his plea was fully voluntary.

## CONCLUSION

After an independent review of the record, we agree that any potential issue to be raised on appeal would be "wholly frivolous." *Anders*, 386 U.S. at 744. We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge